843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edith A. BROWNING, Plaintiff-Appellee, Cross-Appellant,
v.
Allen D. GUTCHESS, Jr., Defendant-Appellant, Cross-Appellee.
 Nos. 87-3420, 87-3460.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1988.
 
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Gutchess appeals from a judgment for plaintiff in this ERISA action involving a claim of retaliatory discharge in violation of section 510, 29 U.S.C. Sec. 1140, and from dismissal of his counterclaim for moneys paid to reimburse a third party for its attorney's fees in defending this suit. Plaintiff cross-appeals the District Court's denial of punitive damages. We affirm the judgment of the District Court in all respects.
 
 
 2
 Edith Browning, the plaintiff below (and here the appellee and cross-appellant), was legal secretary to Allen D. Gutchess, Jr., a patent attorney-sole practitioner. After three years of employment, Browning became entitled to participate in Gutchess' Keough plan. Gutchess failed to make contributions as required, and failed to provide required information. Browning hired an attorney, who sent Gutchess a letter about the problem. The day he received the letter, Gutchess fired Browning.
 
 
 3
 After a trial to the bench, the District Judge found that the firing was in retaliation for Browning's asserting her ERISA rights. He rejected Gutchess' non-discriminatory reasons as pretextual. From the record before us, we are confident that the District Judge applied the correct legal standards and that his conclusion, based on the evidence in the record and the credibility of the witnesses he heard, is not clearly erroneous.
 
 
 4
 Gutchess also appeals the damage award, on three grounds. First, he argues that the District Court was wrong in awarding back pay for almost two years, arguing that he was such a difficult person to work for, and had so many complaints about Browning's performance, that she would have been fired much sooner than two years, even without the retaliatory motive. Gutchess charges that this amount of time is "arbitrary." The District Judge noted that he had the equitable power under ERISA to put Browning back in the position she would have been absent the illegal retaliation, including reinstatement. He thought the hostility between the parties made reinstatement inappropriate, and he chose not to award back pay to the date of his judgment, but only for some two years, because he felt that Browning would not have lasted longer than that on the job, and because she had become a full time student at that time.
 
 
 5
 While it is obvious that the choice of this amount of time involves prediction and is "arbitrary" in the sense that other dates could, as well, have been adopted, the District Court's decision that the employment relationship would have continued for that long, but not longer, is not "clearly erroneous." In fact, the only "sure" measures of time would have been zero (that is, a finding that Browning had not suffered damages) or full back pay and reinstatement. Under these circumstances, the decision of the District Court was reasonable.
 
 
 6
 Second, Gutchess argues that the District Court erred by including a 12% annual rate of increase in its back pay calculations. The Court calculated this rate as the likely increase Browning would have received if she had not been fired. These calculations seem entirely reasonable, based on past increases.
 
 
 7
 Finally, Gutchess argues that Browning's unemployment compensation should have been deducted from the award. That argument was rejected in an unfair labor practice context by the Supreme Court in NLRB v. Gullet Gin Co., 340 U.S. 361 (1951), in language that seems to apply to all discriminatory discharge situations. This Court explicitly so held (in a Title VII case) in Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 627 (6th Cir.1983), cert. denied, 466 U.S. 950 (1984). We see no justification for excepting from the holding of Rasimas a discharge in retaliation for exercising rights granted by ERISA.
 
 
 8
 Gutchess' Counterclaim: Gutchess initially made two counterclaims. He asked for damages based on an error Browning made in her secretarial duties. Gutchess says this was withdrawn before trial, but that the District Court ruled on it anyway. This would obviously be harmless error, but Gutchess claims that the Court failed to rule on his other counterclaim.
 
 
 9
 That second counterclaim was based on the following circumstance. Originally, Browning had joined Ohio Citizens Bank, the trustee of the Keough plan, as a defendant. Following some discovery, (Browning was given access to the plan's documents), Browning voluntarily dismissed the bank, which, under the terms of its agreement with Gutchess, was then reimbursed for its legal expenses ($600) by Gutchess. Gutchess sought this money from Browning, claiming her suit against the bank was frivolous.
 
 
 10
 It is clear that the District Court was aware of this counterclaim: "Defendant seeks compensatory and punitive damages, his costs and attorney fees and those costs he was required to pay Ohio Citizens Bank," Jt.App. at 39, p 15 (emphasis added). However, the District Judge's conclusions of law disposed of both counterclaims in the same paragraph, and there is a plausible argument that he neglected to rule on the reimbursement claim: "Although plaintiff missed a trademark renewal date, defendant's counterclaim is without merit. Defendant's request for an award of attorney fees, expenses and costs is denied," Jt.App. at 48-49, p 22.
 
 
 11
 We do not believe it is necessary to return this case to the District Court for further proceedings on this question. To the extent that the District Court failed to rule on defendant's counterclaim, we believe the record before this Court is sufficiently clear to allow us to determine that defendant's counterclaim must be rejected. He presented no evidence that plaintiff's action in initially suing the bank was frivolous. It is conceded that plaintiff was not aware of the terms of the plan, and this is precisely because of Gutchess' refusal to comply with the law. Browning's decision to sue the bank was not frivolous; she could not know that the trustee had never received a contribution from Gutchess for her, and that it therefore owed her no fiduciary duty. Nor was the suit initiated in bad faith, as evidenced by the fact that she dropped that action quickly when the terms of the plan--obtained as a result of initiating the suit--indicated that the bank was not a proper defendant. Therefore, insofar as this issue was not resolved by the District Court, we hold as a matter of law that Gutchess was not entitled to receive reimbursement and his counterclaim must be denied.
 
 
 12
 Browning's Cross-Appeal: Browning argues that she should receive punitive damages, arguing that such damages are necessary as deterrents in cases such as this. We believe that the District Court could properly have awarded such damages; however the decision not to award punitive damages is not an abuse of discretion and is affirmed.
 
 
 13
 The judgment of the District Court is AFFIRMED.